UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

OCTAVIO MORA,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, OCTAVIO MORA (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, OCTAVIO MORA, is a citizen and resident of Corona, California.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated in Panama with its principal place of business in Miami, Florida at 3655 Northwest 87th Avenue, Miami, Florida 33178.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
    b. Was engaged in substantial and not isolated activity within this state;
    c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
    d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
    f. Operated vessels in the waters of this state;
    g. Defendant was engaged in the business of providing to the public and Plaintiff in

particular, for compensation, vacation cruises aboard CARNIVAL IMAGINATION.

5.  Defendant is subject to the jurisdiction of the courts of this state.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.  At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL IMAGINATION.

8.  At all times material hereto, Defendant had exclusive custody and control of CARNIVAL IMAGINATION.

9.  On or about August 31, 2018, Plaintiff was a passenger aboard CARNIVAL IMAGINATION which was in navigable waters.

10. On or about August 31, 2018, while Plaintiff was standing at the sink in his cabin bathroom washing and brushing his teeth, motion of the ship caused the mirror/vanity, which swings open (apparently to allow access to plumbing components) and was improperly latched, to unexpectedly and without warning swing open.  This, in turn, caused Plaintiff to fall back, striking his foot on a divider between sink and shower and falling and landing on his right hand/wrist.

11. As a consequence, Plaintiff sustained injury to his right foot and right hand/wrist and necessitate treatment in Defendant's Medical Department.

12. As a further consequence, Plaintiff has also necessitated continued medical care following her return home.

13. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through thirteen (13) as though fully alleged herein.

14. At all times material, Defendant owed Plaintiff a duty of reasonable care under the

circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

15. On or about August 31, 2018, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

16. On or about August 31, 2018, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

   a. Failure to exercise reasonable care for Plaintiff's safety; and/or
   b. Failure to provide Plaintiff with a reasonably safe cabin bathroom; and/or
   c. Allowing an unreasonably unsafe condition to exist in the cabin bathroom rendering the bathroom unsafe for Plaintiff; and/or
   d. Failure to inspect, maintain, and monitor the mirror/vanity in the cabin bathroom to ensure that it was properly latched to ensure it was reasonably safe for use by passengers, including Plaintiff, rendering the cabin bathroom unsafe for Plaintiff; and/or
   e. Failure to promulgate and/or enforce adequate rules, policies, and procedures for ensuring that the mirror/vanity in the cabin bathroom was properly latched; and/or
   f. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or
   g. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or
   h. Failure to implement available safety standards designed to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or
   i. Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

17. Defendant created the foregoing conditions causing Plaintiff's accident.

18. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

19. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of

enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; has suffered physical handicap; and has suffered loss of wages. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Plaintiff also lost the value of his cruise as this occurred on just the second day of the cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

### COUNT II – FAILURE TO WARN

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through thirteen (13) as though fully alleged herein.

21. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986).

22. On or about August 31, 2018, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances by failing to warn Plaintiff of a dangerous condition known to Defendant.

23. On or about August 31, 2018, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

　　a. Failure to exercise reasonable care for Plaintiff's safety; and/or
　　b. Failure to warn Plaintiff of a hidden, non-obvious dangerous condition, to wit: an improperly/negligently latched mirror/vanity in the cabin bathroom which rendered the bathroom unsafe for use by passengers, including Plaintiff.

24. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

25. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's

accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.

26. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff.

27. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; has suffered physical handicap; and has suffered loss of wages. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Plaintiff also lost the value of his cruise as this occurred on just the second day of the cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: August 13, 2019

        Respectfully submitted,

        **EDUARDO J. HERNANDEZ, LLC**
        *Attorneys for Plaintiff*
        8660 West Flagler Street – Suite 124
        Miami, Florida 33144
        Telephone: (305) 567-0910
        Facsimile: (786) 454-8905

By: */s/ Eduardo J. Hernandez*
     EDUARDO J. HERNANDEZ
     Florida Bar No. 061451
     ehernandez@ejh-law.com